IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sandra D. Connell,

    Plaintiff,

    v.                        Case No. 2:17-cv-82

Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff Sandra D. Connell brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income. In a decision dated October 23, 2015, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of obesity, degenerative joint disease in both knees, obstructive sleep apnea, and generalized anxiety disorder. PAGEID 106. After considering the entire record, the ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to perform sedentary work with no balancing, kneeling, crawling or climbing ladders, ropes or scaffolds; only occasional stooping, crouching and climbing ramps and stairs; and no exposure to dangerous machinery and unprotected heights. The RFC further limited plaintiff to work with simple, routine, and repetitive tasks, and only occasional interaction with the public and coworkers. PAGEID 109. The ALJ stated, "In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence[.]" PAGEID 110. After considering the testimony of

a vocational expert, the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled. PAGEID 115-16.

This matter is before the court for consideration of plaintiff's February 19, 2018, objections to the February 6, 2018, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner

will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. Step Two Analysis

Plaintiff argues that the ALJ erred in not finding during the step two analysis that her migraine headaches constituted a severe impairment. At step two of the five-step analysis set forth in 20 C.F.R. §404.1520(a)(4), the ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. §404.1520(a)(4)(ii). A severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. §§404.1520(c), 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Plaintiff bears the burden of proving the existence of a severe, medically determinable impairment that meets the twelve-month durational requirement. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). A severe impairment is established by medical evidence consisting of signs, symptoms, and laboratory findings, not just by a claimant's statement of symptoms. *Griffith v. Comm'r*, 582 F. App'x 555, 559 (6th Cir. 2014)(citing 20 C.F.R. §416.908). A "symptom" consists of a claimant's description of the alleged impairment. 20 C.F.R. §404.1528(a). At step two of the evaluation process, no symptom or combination of symptoms by itself can constitute a medically determinable impairment. SSR 96-4p.

3

1996 WL 374187 at *2 (July 2, 1996)("Symptoms, such as pain, ... will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically determinable physical ... impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s)."). Further, the ALJ need not find credible a claimant's subjective complaints or medical assessments which are not supported by the medical evidence or the record as a whole. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Plaintiff argues that the ALJ erred in ignoring her hearing testimony that she was still having migraine headaches four to five times per week even with medication. She contends that the ALJ should have found her migraine headaches to be a severe impairment. In his decision, the ALJ did acknowledge plaintiff's hearing testimony that she experiences daily migraines, four to five a week on average, and that when this occurs, she has to go lie down for hours in a dark room and wait until the headache subsides. He also noted that plaintiff completed a log documenting the frequency of her headaches. PAGEID 107. Thus, the ALJ obviously considered plaintiff's testimony. However, for several reasons outlined in the decision, the ALJ concluded, "I find this condition nonsevere as it causes no more than a minimal effect on the claimant's ability to do basic work activities." PAGEID 108; *see also* PAGEID 107 (finding, as to plaintiff's hypertension and migraine headaches that "[m]edical and other evidence establish that these impairment(s) cause(s) only sight abnormality (or a combination of

4

slight abnormalities) that have no more than a minimal effect on the claimant's ability to do basic work activities.") The magistrate judge correctly concluded that substantial evidence in the record supported this finding.

First, the ALJ stated that plaintiff's "course of treatment" did not support her allegations of frequent disabling headaches. The ALJ summarized the records of Bryan Bjornstad, M.D., a treating neurologist who evaluated plaintiff in August, 2013, for headaches. The ALJ noted that: no physical abnormalities were detected upon neurological examination; that CPAP titration improved plaintiff's sleep apnea, a possible cause of her headaches; and that plaintiff's condition improved after the dosage of her prescription for Nortriptyline was increased. PAGEID 107-08. In her review of the record, the magistrate judge also noted: that Dr. Bjornstad's findings that imaging results from 2010, when plaintiff was still working, were largely unremarkable and that no updated imaging was necessary; that plaintiff was not always compliant with prescribed medication and waited much longer between her appointments than Dr. Bjornstad recommended; that the state agency reviewing physicians, Gerald Klyop, M.D., and William Bolz, M.D., did not identify plaintiff's migraines as a medically determinable impairment and concluded that plaintiff was not credible, see Exhibits 5A (January 8, 2014, report of Dr. Klyop) and 10A (March 31, 2014, report of Dr. Bolz); and that plaintiff's treating physician, Dr. Jeffrey Haggenjos, D.O., did not identify headaches as an impairment that limited plaintiff's ability to work in either of his opinions. Doc. 19, p. 10.

Second, the ALJ concluded that plaintiff's statements

5

concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.[1] The ALJ observed that: 1) plaintiff's hearing testimony concerning having to get out of the car and stretch while traveling to the hearing conflicted with the testimony of plaintiff's boyfriend, who stated they drove straight through; 2) plaintiff's receipt of unemployment benefits after her alleged disability onset date conflicted with her disability claim, as receipt of those benefits would have required her to agree that she was ready, willing and able to work; 3) plaintiff's daily activities (including preparing meals, cleaning, sweeping and dusting, shopping, taking public transportation, paying bills, maintaining a residence, personal care and grooming, and going to visit a friend) were not limited to the extent one would expect based on her complaints; and 4) plaintiff's alleged symptoms were "not consistent with the objective medical evidence in its entirety." PAGEID 108, 112-114.

For the first time in her objections, plaintiff argues that the ALJ erred in relying on the lack of objective medical evidence of her migraine headaches in the medical records, citing *Blevins-Bryant v. Colvin*, No. 3:14-cv-237, 2015 WL 4498573 (S.D. Ohio July 23, 2015). Because plaintiff did not make this argument in her statement of errors before the magistrate judge, she has waived it.

---

[1]At the time of the ALJ's decision, SSR 96-7p, 1996 WL 374186 (July 2, 1996) directed the ALJ to assess the credibility of plaintiff's statements concerning her symptoms. That ruling was later superseded by SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 16, 2016), which directs the ALJ to look at whether the claimant's statements about the intensity, persistence and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record. The ALJ's analysis in this case passes muster under either ruling.

See *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010).

Even assuming that this argument is not waived, this court is not persuaded that the reasoning in *Blevins-Bryant* requires the reversal of the ALJ's decision in this case. The magistrate judge in that case noted that pain can be severe and disabling even in the absence of objective medical findings, and that the pathophysiology of migraine headaches is not yet fully understood. 2015 WL 4498573 at *4-5. The Sixth Circuit has recognized that subjective complaints of pain may support a claim for disability, *see Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 686 (6th Cir. 1992), particularly in the case of fibromyalgia, *see Rogers*, 486 F.3d at 247. However, the Sixth Circuit has affirmed the denial of benefits in cases involving complaints of migraine pain which were unsupported by objective medical evidence. *See Long v. Comm'r of Soc. Sec.*, 56 F. App'x 213, 214 (6th Cir. 2003)(ALJ affirmed where medical records included a diagnosis of migraines which allegedly occurred several times a week, but brain scans and other tests were normal and there was a lack of objective evidence substantiating the allegedly disabling headaches); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1002 (6th Cir. 1988)(denial of benefits affirmed where the only evidence to support complaints of migraine pain was plaintiff's testimony, which two ALJ's found to be not credible, and where no objective medical evidence support the existence or severity of migraines). Under SSR 96-4p, objective medical evidence showing a medically determinable physical impairment is required to support a step two finding of a severe impairment. 1996 WL 374187 at *2.

In addition, the facts of this case are distinguishable from those in *Blevins-Bryant*, where the ALJ misstated the record evidence regarding the documentation of plaintiff's emergency room visits and made few findings regarding the plaintiff's migraines. *Blevins-Bryant*, 2015 WL 4498573 at *4. Rather, the circumstances in this case mirror those found in *Ison v. Acting Comm'r of Soc. Sec.*, No. 2:16-cv-464, 2017 WL 4124586, *10 (S.D. Ohio September 18, 2017)(distinguishing *Blevins-Bryant* where the ALJ found inconsistencies between plaintiff's testimony and the objective medical record, extensively reviewed the medical opinions, which contained no evidence that the plaintiff was in acute distress such that her headaches would be disabling, and considered plaintiff's daily activities in making his credibility determination), and *Descott v. Comm'r of Soc. Sec. Admin.*, No. 1:16CV1271, 2017 WL 1050379, at *9 (N.D. Ohio Mar. 20, 2017)(upholding the ALJ's credibility findings based on the lack of evidence to support the complaints of debilitating pain from migraines, conflicting reports between her testimony, the objective medical evidence and plaintiff's daily activities, and plaintiff's failure to comply with her doctor's treatment recommendations).

Plaintiff also argues that the magistrate judge erred in noting that the ALJ gave some weight to the opinions of the state agency physicians, who, following their review of plaintiff's medical records, did not identify plaintiff's migraines as a medically determinable impairment. There was no error in noting the ALJ's consideration of these opinions. Even more relevant to the issue of plaintiff's credibility is the fact that these state agency consultants reviewed plaintiff's medical records, including

8

Dr. Bjornstad's treatment notes, as a result of her initial claim for disability filed on August 12, 2013, which did not include migraine headaches in the list of her allegations of impairment. *See* Exhibits 5A, 10A.

Substantial evidence supports the ALJ's finding that plaintiff's migraine headaches did not constitute a severe impairment, and this objection is not well taken.

A. RFC Determination

Plaintiff argues that the ALJ erred in formulating her RFC. A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). Disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it. *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551 (6th Cir. 2014). In making the RFC determination, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); *see also Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 443-44 (6th Cir. 2010)(ALJ considers numerous factors in constructing a claimant's RFC, including the medical and non-medical evidence and the claimant's credibility). The ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron*, 391 F.App'x at 439; 20 C.F.R. §§404.1527(e)(2) and 404.1546(c).

Plaintiff argues in her objections that the ALJ erred by failing to accommodate her migraine headaches in the RFC. Plaintiff points to her testimony that she experiences migraine headaches four to five times a week, which require her to lie down in a dark room for up to six hours. She contends that limiting her

9

to simple, routine tasks ignores these periods of incapacity which are likely to result in unscheduled absences, late arrival to or early departure from work, or unscheduled breaks. She contends that allowing for these periods of incapacity in her RFC would have resulted in a finding that she is unable to work full time.

This argument assumes that the ALJ was required to fully accept her testimony concerning the nature of her limitations, which is not the case. As indicated above, the ALJ thoroughly explained his reasons for concluding that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" and that "the symptoms/limitations alleged by the claimant cannot be accepted as she alleges, as they are not consistent with the objective medical evidence in its entirety." PAGEID 112-14.

The court agrees with the magistrate judge's conclusion that the ALJ's RFC determination is supported by substantial evidence and adequately accounts for all of the limitations the ALJ found to be credible. This objection is denied.

III. Conclusion

In accordance with the foregoing, the court concludes that the ALJ's finding of nondisability is supported by substantial evidence. The plaintiff's objections (Doc. 20) are denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 19). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment affirming the decision of the Commissioner.

It is so ordered.


Date: March 12, 2018                s/James L. Graham
                                    James L. Graham
                                    United States District Judge